IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| Mary K. Henson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | 10-00933-CV-W-JTM |
| Days Inn Worldwide, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

On August 7, 2005, plaintiff Mary K. Henson ("Henson") allegedly fell at a hotel owned and operated by defendant Days Inn Worldwide, Inc. ("Days Inn"). Henson claims to have suffered personal injuries from her fall. On August 5, 2010, Henson sued Days Inn in the Circuit Court of Jackson County, Missouri. On September 24, 2010, Days Inn removed the case to this Court based on alleged diversity jurisdiction. Presently pending before the Court is Henson's PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S NOTICE OF REMOVAL [Doc. 5] which the Court will treat as a motion to remand.

Inasmuch as federal courts are courts of limited jurisdiction, the threshold requirement in every federal case is jurisdiction. *Bradley v. American Postal Workers Union*, 962 F.2d 800, 802 n.3 (8th Cir. 1992). It is axiomatic that a defendant may remove any civil action brought in state court when the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). To that end, district courts have original jurisdiction of all civil actions meeting the criteria for diversity jurisdiction, to wit: where the matter in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). In this case, there apparently is no question that the

parties are citizens of different States. However, the parties dispute whether the amount-in-controversy exceeds the $75,000 statutory requirement.[1]

A court determines whether an amount-in-controversy required by Section 1332 is satisfied based on the record at the time of removal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291, 58 S.Ct. 586, 591 (1938); *St. Jude Medical, Inc. v. Lifecare International, Inc.*, 250 F.3d 587, 593-94 (8th Cir. 2001) ("Normally, removal jurisdiction is determined at the time of removal."). Typically, courts in the Eighth Circuit have found that when contesting a motion to remand, the non-moving party bears the burden of proving that the complaint establishes the requisite amount-in-controversy by a preponderance of the evidence. *Agre v. Rain & Hail LLC*, 196 F.Supp.2d 905, 908 (D. Minn. 2002) (*citing Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809, 814 (8th Cir. 1969)). As such, where the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. *In re Minnesota Mutual Life Insurance Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003); *James Neff Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence). In that regard, Days Inn notes that the PETITION alleges:

(1) Henson's low back and pelvis were wrenched, sprained, strained and bruised,

(2) The supporting structures of Henson's spine were damaged and the functions thereof impaired,

---

[1] Consistent with Missouri state court practice, the underlying PETITION merely states that damages in excess of 25,000 are sought.

2

(3) Henson subsequent to her fall developed radiculopathy in her lower extremities and experienced lack of sleep and appetite.

(4) Henson claim past and future medical expenses, substantial loss of past earnings, and reduced future earnings capacity.

Under these facts, the Court concludes that Days Inn has sufficiently established by a preponderance of the evidence that the amount-in-controversy herein exceeds $75,000.00.

The Court would note that while Henson seeks a remand based on the amount in controversy, Henson has not filed any irrevocable stipulation asserting that she – under no circumstances – is seeking or will to recover more than $75,000.00. *Compare Workman v. Kawasaki Motors Corp. USA*, 749 F.Supp. 1010, 1011 (W.D. Mo. 1990). Instead, Henson merely notes that:

> [T]he value of [Henson's] claim remains very much in doubt and under the present circumstances wherein a reasonable person could easily conclude that the claim has a value of something less than $75,000.00.

Henson may be correct that a reasonable person could conclude that her claim is less than $75,000, and, perhaps, in this case, a jury will find that Henson's damages are less than $75,000.00. Those facts, however, do not defeat diversity jurisdiction. Accordingly, it is

**ORDERED** that the plaintiff's motion to remand, filed October 6, 2010 [Doc. 5] is **DENIED**.

                                       */s/ John T. Maughmer*
                                       **JOHN T. MAUGHMER**
                                       **U. S. MAGISTRATE JUDGE**